**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**REGGE M. STEEN,**

      **Plaintiff,**

v.                                                                                     Case No:   6:19-cv-1424-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Regge M. Steen ("Claimant") appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 22 at 23-35, 50-53, 55-56). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 35-50, 53-56). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.    Procedural History**

This case stems from the Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (R. 404-20). The Claimant alleged a disability onset date of August 1, 2016. (R. 23).[1] The Claimant's applications were denied on initial review and

---

[1] The Court notes that the Claimant alleged different onset dates in his DIB application (August 1, 2016) and SSI application (November 3, 2012). (R. 404, 411). It appears the Claimant later amended the alleged onset dated in the SSI application to August 1, 2016. (R. 23, 152; Doc.

on reconsideration. The matter then proceeded before an ALJ, who, after holding a hearing (R. 149-76), entered a decision on April 3, 2019 denying the Claimant's applications for disability benefits. (R. 23-34). The Claimant requested review of the ALJ's decision, but the Appeals Council denied his request. (R. 9-12). This appeal followed.

## II.     The ALJ's Decision

In reaching her decision, the ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a) and § 416.920(a).[2] First, the ALJ determined that the Claimant's last date insured was September 30, 2019. (R. 26). Next, the ALJ found the Claimant suffers from the following severe impairments: traumatic brain injury; neurocognitive disorder; antisocial personality disorder; bipolar disorder; major depressive disorder; post-traumatic stress disorder; and a substance use disorder. (*Id*.). The ALJ also found that the Claimant suffers from the following non-severe impairments: obesity; neck pain; and back pain. (*Id*.). The ALJ, however, determined that the Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. (R. 27-28).

The ALJ next found that the Claimant has the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) and § 416.967(b)[3] with the following

---

22 at 1). The Court will therefore accept August 1, 2016 as the alleged onset date for both disability applications.

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920(a).

[3] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or

additional limitations:

> [H]e can occasionally climb ramps or stairs but never ladders, ropes or scaffolds. The claimant can frequently stoop, kneel, crouch and crawl. He should perform no work near hazards such as unprotected heights or dangerous moving machinery. Any job performed must involve simple, unskilled tasks and have no changes in work setting. He can have occasional interaction with the public and supervisors.

(R. 28). The ALJ found the Claimant had no past relevant work experience and, therefore proceeded to step five. (R. 33). There, the ALJ found the Claimant could perform other work in the national economy, including mail sorter and assembly line worker. (R. 33-34). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date (August 1, 2016) through the date of the decision (April 3, 2019). (R. 34).

## III.    Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560

---

carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, "light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday." SSR 83–10, 1983 WL 31251, at *6 (1983).

(11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

The Claimant raises the following two assignments of error: 1) the ALJ erred when considering and/or weighing various medical and non-medical opinions; and 2) the Appeals Council failed to properly consider new, non-cumulative, material evidence. (Doc. 22 at 23-35, 50-53). One of the arguments raised in the first assignment of error is dispositive of this appeal.

### A. Dr. Anita Rothard

The dispositive argument relates to the weight assigned to Dr. Rothard's opinion. The Claimant argues that the ALJ's sole reason for assigning Dr. Rothard's opinion partial weight – because it was based on the Claimant's subjective statements – is not supported by substantial evidence, because Dr. Rothard relied both on the Claimant's statements and various objective tests performed during the examination. (Doc. 22 at 28-30). The Commissioner, on the other hand, argues that the ALJ's reasoning is supported by substantial evidence, because Dr. Rothard stated that "all information obtained in [her] report was strictly from the [Claimant]" and, according to binding Eleventh Circuit authority, the ALJ was free to discount the opinion on that basis. (*Id*. at 48-49 (citing R. 1083; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013))). The Court agrees with the Claimant.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of

a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[4]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. The opinion of an examining physician, on the other hand, is generally not entitled to any special deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). Similarly, the opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

Regardless of whether the opinion is from a treating, examining, or non-examining source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

The Claimant appeared before Dr. Anita Rothard, C.V.E., for a comprehensive vocational evaluation on October 26, 2017. (R. 1082-96). During the examination, Dr. Rothard took the Claimant's personal, vocational, and medical history. (R. 1083-87). In addition, Dr. Rothard conducted a variety of vocational tests, including the "Wide Range Achievement Test 3", "RAI Reading Index", "Bennett Mechanical Comprehension Test", and various hands-on skill exercises. (R. 1087-94).

The report that followed begins with the following inconsistent statements about what Dr. Rothard considered in reaching her opinions:

> ***The following information has been obtained from the consumer or was in the material sent to me by DVR, or has been observed through the evaluation process.***
>
> **Note**: As of the date of this report the evaluator did not have complete medical information to cross-reference, therefore all information obtained in this report was strictly from the consumer. As a result, this can impact the evaluator's ability to determine all the recommendations necessary for the consumer and this should be taken into consideration when reviewing this report.

(R. 1083 (emphasis in original)). The report goes on to recount the Claimant's history and the results of the vocational tests administered during the examination. (R. 1083-94). At the end of the report, Dr. Rothard summarized her observations and opinions. (R. 1094-96). With respect to physical limitations, which Dr. Rothard appears to have determined based upon her observations during the examination, she opined that the Claimant can sit, stand, and walk up to four hours and cannot lift more than twenty-five (25) pounds frequently. (R. 1094). With respect to mental limitations, Dr. Rothard noted that the Claimant easily loses track of his thoughts, has short and long-term memory deficits, anger management issues, "may have difficulty accepting instruction,

direction, and criticism," and has "low concentration levels." (R. 1094-95). Based on these issues, Dr. Rothard opined that the Claimant "will require some improvement before he can attempt consistent employment" and, with improvement, it "may become feasible for [the Claimant to perform] part-time, non-physically demanding, low stress, routine in nature employment." (R. 1095).

> The ALJ considered Dr. Rothard's opinion and assigned it "partial weight," explaining:
>
> The report notes that "all information was strictly from the consumer." In other words, based on the claimant's self-report. However, the opinion that the claimant cannot perform activities that puts him at risk of a traumatic brain injury is given great weight, as it is in line with the claimant not being exposed to hazards.

(R. 32). The ALJ says nothing more in support of the weight assigned to Dr. Rothard's opinion. (*See* R. 23-34).

The ALJ's sole reason for assigning Dr. Rothard's opinion partial weight is not supported by substantial evidence. As discussed above, Dr. Rothard's report contains two contradictory paragraphs describing what she considered in reaching her opinions. The first paragraph suggests that Dr. Rothard considered a combination of the Claimant's statements, material that was provided to her by a third party, and her observations during the examination. The second paragraph suggests that all the information on which Dr. Rothard based her opinions came from the Claimant. The ALJ does not acknowledge or reconcile the inconsistency of these paragraphs. Instead, the ALJ simply focuses on the second paragraph and, in doing so, rejected all of Dr. Rothard's opinions, except for her opinion that the Claimant cannot perform activities that puts him at risk for another traumatic brain injury. As the Claimant argues, the ALJ's focus on the second paragraph ignores the fact that Dr. Rothard performed and relied on several objective vocational tests in determining the Claimant's functional limitations and overall ability to work. Given Dr. Rothard's consideration of the Claimant's statements and the objective tests performed during the examination,

the Court finds the ALJ's sole reason for giving Dr. Rothard's opinion partial weight is not supported by substantial evidence.

Although the Commissioner does not argue harmless error, the Court has considered the possibility and finds the error is not harmless. While the ALJ limited the Claimant to light work with additional physical and mental limitations, the Court cannot say with any certainty that those limitations are consistent with or more severe than the limitations – particularly the Claimant's mental limitations – identified by Dr. Rothard. *Cf. Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination). The Court therefore finds the matter must be reversed and remanded for further proceedings so the ALJ can reconsider and weigh Dr. Rothard's opinion.

### B. Other Issues on Appeal

In light of the foregoing, the Court declines to rule on the Claimant's remaining arguments under the first and second assignments of error. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said, on remand the ALJ shall take care to weigh each opinion, including that of speech therapist Caroline Shaw (R. 978-80).

### V. Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the

Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 23, 2020.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Emily Kirk
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-8338